## Case No. 12,388.

### SAVARY v. GOE.

[3 Wash. C. C. 140.] [1]

Circuit Court, D. Pennsylvania. April Term, 1812.

DEBT—ACTION ON BOND—SPECIAL PLEA — CONDITION—TENDER—PRESENT OBLIGATION.

1. Debt on bond, conditioned to deliver to the plaintiff or his agent, in B., a quantity of whiskey, in all the month of May, 1809. Plea, that in all the month of May, 1809, the defendant was ready and willing to deliver to the plaintiff or to his agent, at the place of embarkation in B., the whiskey, according to the condition of the bond; but the plaintiff, or his agent, was not then and there ready to accept the same. The rule of law is, that if the condition of the bond is not parcel of the obligation, as if the latter be a money penalty, and the former be to do some act, as to deliver goods, &c., it is not necessary for the defendant to plead uncore prest.

2. If money is to be paid, or any other act to be done, on a certain day, and at a certain place, the legal time of performance is, the last convenient hour of the day for transacting business. But if the parties meet at any part of the day, a tender and refusal at the time of the meeting are sufficient.

[Cited in Fredenburg v. Turner, 37 Mich. 403; Smith v. Boston & M. R. R. (6 Allen) 269.]

3. The rules of pleading require, that the plea should be direct in stating with sufficient precision the matter of defence, and not leave it to be found out by inference, however strong.

4. The plea, in this case, is bad, as it does not state that the defendant was at the place of embarkation, in person or by an agent, ready and prepared to deliver the whiskey.

This was an action of debt on a bond, in the penalty of 1920 dollars, with condition, that the defendant should deliver to the plaintiff, or his agent or assigns, at the place of embarkation in Brownsville, the quantity of 1920 gallons of good merchantable proof whiskey, in good and tight barrels, in all the month of May, 1809. Upon oyer of the obli-

---

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

gation and condition, the defendant pleads in bar, that in all the month of May, 1809, he was ready, and prepared, and willing, to deliver to the plaintiff, or to his agent or assigns, at the place of embarkation at Brownsville, the quantity of 1920 gallons of good merchantable proof whiskey, in good and tight barrels, according to the tenor and effect of the said condition; but the plaintiff was not then and there ready to accept the same, nor was any agent or assignee of the plaintiff then and there ready to accept the same. There are four other pleas to the declaration; but as they, as well as the one just stated, are all demurred to specially, and the objections made to the first are also directed to the others, they need not be specially set forth.

WASHINGTON, Circuit Justice. It is objected to this, and the other pleas—1. That it does not state that the defendant is still ready to deliver the whiskey in the condition mentioned. 2. That it does not allege the readiness and preparation of the defendant, at the last convenient hour of the 31st of May. 3. It does not state that the defendant was at the place of embarkation, in person or by an agent, ready and prepared to deliver.

The first objection was pressed, not so much upon the authority of adjudged cases, as upon the unreasonableness of the doctrine to which it is made, which renders a tender and refusal, or a readiness to perform, and the want of it in the other party, tantamount to performance, so as for ever to discharge the obligation. The rule of law was, indeed, admitted to be, and so it undoubtedly is, that if the condition of the bond be not parcel of the obligation, as if it be to deliver certain goods, the obligation being for money, it is not necessary for the defendant to plead uncore prest; and if the legal consequence of tender and refusal, in such a case, be a discharge from the obligation, it belongs not to this tribunal, on that account, to depart from the established doctrines of law. This objection, therefore, has no validity.

The doctrine laid down by the plaintiff's counsel, upon which his second objection is founded, can by no means be questioned. It is clear, that if money is to be paid, or any other act to be performed, on a certain day and at a certain place, the legal time of performance is the last convenient hour of the day for transacting the business. This rule is established for the convenience of both parties, that neither may be compelled, unnecessarily, to attend during the whole of the day. But, if the parties meet at the agreed place during any part of the day, a tender and refusal, though not at the last convenient hour, is sufficient; for, in this case, neither party is put to inconvenience. So, if the place be fixed, and the party is to do the act on or before a certain day, or has the whole month to do it in, as in the present case; yet he cannot plead a readiness to perform, and the ab-

sence or want of readiness of the other party, at any time prior to the last convenient hour of the last day; and this, for the reason before assigned. Whether, in this latter case, the party bound to perform, may appoint an earlier day than the last for doing the act, and in such case, may compel the other party, after reasonable notice thereof, to accept, or to submit to the consequence of his absence or refusal, on the appointed day, need not be decided in this case, as the court will not find it necessary to give an opinion on the second plea, which presents this question. The cases are certainly not clear on this point, and are somewhat at variance with each other. But there is no question, as to the doctrine above stated, that the tender or readiness to perform, must be stated to be on the last convenient hour of the last day, if an earlier period be not appointed.

In answer to this objection, it is insisted, by the defendant's counsel, that this plea does, in effect, allege a readiness and preparation at the last convenient hour of the 31st of May; because, if, in the words of the plea, the defendant was ready in all the month of May to deliver, he must have been ready on the last hour of the 31st of May, because that was part of the month, during the whole of which it is alleged he was ready. This argument carries with it such strong marks of good sense, and is so entirely logical, that one hardly knows how to raise a sound objection to it; and yet a plea like the present, is believed to be without a precedent. It is no vindication, however, of its correctness, that the court arrive at the matter and real point of it by argument and logical deduction. The rules of law seem to require, that a plea should be direct in stating with sufficient precision the matter of defence, and should not leave it to be found out by inference, however strong and conclusive. It is said, that the defendant has assumed upon himself, the necessity of proving more even than his contract and the law imposed upon him, to which the plaintiff ought not to object. That he undertakes to prove his own readiness, and the want of it in the plaintiff, not only on the last convenient hour of the 31st of May, but during each and every hour of the whole month of May. To this, it may be observed, that this circumstance constitutes one of the demerits of the plea; because, if the plaintiff had taken issue on the whole plea, it would have been immaterial, since the defendant might have lost the cause, in consequence of not being able to prove a readiness during the whole month; and yet it was not material whether he was so or not, provided he was ready at the last convenient hour of the last day of the month. It is true, the plaintiff might have selected out of the plea, which runs over the whole month, the last convenient hour of the 31st, and taken issue on the readiness of the defendant, and his own absence or readiness at that time of the day, passing over the rest of

the plea, with a protestation against its truth. But if, instead of doing this, he chooses to demur, he is certainly at liberty to do so.

In the case of Lancashire v. Killingworth [Case No. 8,037], it is laid down in the clearest terms, that if the plaintiff or defendant, as the case may be, plead a tender, or a readiness to perform, and that the other party was not at the place ready to accept, he must state at what time of the day he was there, and how long he continued, that it may appear that he staid to the last convenient hour of the day. It is true, that in that case, the declaration stated that the plaintiff was at the place on such a day, which he might well have been, and yet not be there at the last convenient hour of the day. But yet, the court not only condemned the plea on that account, but proceeded to state the proper form of pleading in such a case. This decision, as to the form of pleading, has never, to the recollection of the court, been overruled or relaxed by any subsequent case; and such undoubtedly has been the usual form of pleading a tender or readiness to perform, in the absence of the other party. In the case of Halsey v. Carpenter, Cro. Jac. 359, which was debt on a bond, to pay £304 to three persons tam cito, as they shall come of age, a plea of payment in the words of the bond, was considered bad on a special demurrer, because it did not state the time, place, and manner of performance; and yet that plea, unquestionably, covered every hour of the time, after the obligees came of age.

The third objection to the plea, stands upon still stronger ground than the one just mentioned; for, it is not only uncertain and argumentative, but the conclusion from the premises stated, is by no means so inevitable. Because the defendant was, in all the month of May, ready, prepared, and willing, to deliver the whiskey to the plaintiff or his agent, at the place of embarkation; the plea argues that the defendant must have been personally, or by his agent, at the place of embarkation, ready to deliver. But the conclusion does not necessarily follow, even if it were proper to get at it in this way. A man may truly say, that he is ready and prepared to pay money, or deliver an article at a particular place, for instance, at a spot near to, and within sight of his own house, and would have done so if the other party had come to receive it; and yet he may not have gone to the spot, in consequence of the non-appearance of the other party. To say the least of such a plea, it is uncertain and ambiguous; whereas, if the party would excuse himself for the want of a strict performance of his contract, he should show, by clear and direct allegations, that he did all on his part that was in his power, in order to perform.

In some of the cases, it is said, that though the other party be absent, still, the plea must state an offer to perform, which would seem to be rather an idle form. Still, this shows that the party must state himself to be present in person, or by an agent, since, if absent, he could not offer, although he might be ready to do so. Indeed, the want of the words "obtulit solvere," was deemed fatal on demurrer, in the case of Cole v. Walton [unreported], notwithstanding the plea stated in express terms, that the defendant was at the place, and remained till sunset, ready to pay, but that the plaintiff was not there ready to receive. It is unnecessary to decide, whether, in such a case, an offer need be made or not; but this, and other similar cases, are strong to show, that the presence of the party bound to perform, ought to be distinctly stated, and such appears to be the uniform mode of pleading. Judgment for plaintiff, and writ of inquiry to be executed before the marshal.