## WILLIAM F. BAILEY, *et al.*

### *vs.*

### JULIUS AUSTRIAN.

Plaintiffs being engaged in a general foundry business, defendant promised to supply them with all the Lake Superior pig iron wanted by them in their business from September 2d until December 31st next ensuing, at specified prices, and plaintiffs simultaneously promised to purchase of defendant all of said iron, which they might want in their said business during the time above mentioned, at said prices. *Held*, that this state of facts did not establish a valid contract, since it did not establish an absolute mutuality of engagement, giving each party the right to hold the other to a positive agreement.

Upon the trial of this action in the district court for Ramsey county, the greater part of the evidence offered by the plaintiffs was, under defendant's objection, excluded by the court. The plaintiffs having rested their case, the defendant thereupon

moved to dismiss the action. The motion was granted, and, pursuant to the order of the court, judgment of dismissal and for costs was entered in favor of the defendant, from which judgment the plaintiffs appeal.

The facts of the case are stated in the opinion.

Mr. Lamprey, for appellants, upon the point that the agreement (as alleged in the complaint and claimed by him to be established) that defendant should supply plaintiffs with all the iron they should need in their business, was a good and binding agreement upon the defendant, cited the following authorities: *Hadley vs. Pugh, Wright,* 554; *McCarthy vs. Nash,* 14 *Minn.* 131; *Marsh vs. Hyde,* 3 *Gray,* 331; *McKnight vs. Dunlap,* 1 *Seld.* 537; *Boutwell vs. O'Keefe,* 32 *Barb.* 434; *Hill vs. McD.* 17 *Wis.* 97; *Chit. on Cont.* 82.

DAVIS & O'BRIEN, and I. V. D. HEARD, for Respondents.

If the agreement was as plaintiffs claim, that defendant should supply them with all the iron *they should need in their business,* such agreement would be *nudum pactum* for the reason that the same would be unilateral, and unfair, holding the defendant without any corresponding obligation on the part of the plaintiffs.

The quantity plaintiffs might need would be entirely left to their arbitrament. If iron rose they might increase their business and demand iron to an unlimited extent; and if iron fell they could close their shops and not take a pound. Under such an agreement the party furnishing iron would be entirely at the mercy of the party demanding it.

Where one promise is the consideration of another promise, the promises to be binding must be mutual. *Broom's Legal Maxims, pp.* 215 to 222; *Chitty on Contracts, p.* 15; *Newland on Contracts, p.* 151; *Parsons on Contracts, vol.* 1, *p.* 373.

Bailey et al. v. Austrian.

*By the Court.*—Berry, J.—If the testimony, which plaintiffs contend was erroneously rejected, had been received, it would, together with the evidence introduced, have tended, (upon the construction most favorable to plaintiffs,) to establish a state of facts substantially as follows, viz. :   That on the second day of September, 1871, plaintiffs being engaged in a general foundry business at St. Paul, defendant promised to supply them with all the Lake Superior pig iron wanted by them in their said business, from said date until December thirty-first, next ensuing, at specified prices, and that plaintiffs simultaneously promised to purchase of defendant all of said iron, which they might want in their said business, during the time above mentioned, at said prices.   If this state of facts establishes any contract, it is a contract of *mutual promises.*   That is to say, the sole consideration for defendant's promise to supply, is plaintiffs' promise to purchase, and *vice versa.*

The general rule (with exceptions not important in this instance,) is, " that a promise is not a good consideration for a promise, unless there is an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement."    1 *Parson's Contracts,* 449, *and note z.*

Upon the foregoing state of facts, the engagement of plaintiffs was to purchase all of said pig iron, which they might want in their said business during the time specified ; but they do not engage to *want* any quantity whatever.   They do not even engage to continue their business.   If they see fit to discontinue it on the very day on which the supposed agreement is entered into, they are at entire liberty to do so at their own option, and, whatever might have been defendant's expectation, he is without remedy.   In other words, there is no absolute engagement on plaintiff's part to " want,"

and of course no absolute engagement to *purchase* any iron of defendant.

Without such absolute engagement on plaintiffs' part, there is no " absolute mutuality of engagement," so that defendant " has the right at once to hold " plaintiffs ".to a positive agreement."

Upon these grounds we are of opinion that the testimony excluded was properly excluded, since it did not tend to establish a valid contract on the part of defendant, and was therefore immaterial.

The testimony being excluded, there was nothing for the jury, and the action was rightly dismissed.

This case may be looked at from another point of view with like results. Plaintiffs' promise was the sole consideration for defendant's promise. To be a sufficient consideration it is necessary that plaintiffs' promise be a benefit to defendant, or an injury to plaintiffs. (1 *Parsons on Contracts*, 431.) But so long as, for the reasons before given, plaintiffs are not bound to do anything whatever by virtue of their promise, the *promise* cannot be such benefit or injury.

Judgment affirmed.