Tarbox et al. v. Gotzian.

---

## JASPER B. TARBOX, *et al.*

### *vs.*

## CONRAD GOTZIAN.

*Bailey et al. vs. Austrian,* 19 *Minn.* 535, followed and applied to this case.

In this case the jury was instructed by the court to bring in a general verdict, and special findings upon two questions specifically submitted. The jury retired for consideration, having been directed by the court, with the consent of both parties, if they should agree after adjournment, to seal up their verdict and bring it into court next morning.   The jury having agreed and thereupon separated, brought in 'a general verdict under seal for plaintiff.   The clerk had entered said general verdict in his minutes, but before the jury had been asked, as required by *sec.* 216, *ch.* 66, *Gen. Stat.,* if it was their verdict, plaintiff's counsel called attention to the fact that the jury had not found upon the particular questions submitted, and requested the court to direct them to find upon the same. The court so directed, defendant excepting.   Thereupon the jury retired and returned the general verdict, as before, together with special findings in answer to said questions.   Said verdict and findings were received and recorded, defendant objecting.   *Held,* no error.

Tarbox et al. v. Gotzian.

The defendant appeals from the judgment of the district court for Ramsey county in favor of the plaintiff. The case is fully stated in the opinion of the court.

DAVIS & O'BRIEN, for appellant in opposition to the rulings of the court below respecting his alleged counter-claim cited, *McCarthy vs. Nash*, 14 *Minn.* 127; *Gen. Stat.* 334; *Danforth et al. vs. Walker*, 40 *Vermont*, 257; *Kershaw vs. Ogden*, 5 *Hurlst & Colt*, 715; *Richardson vs. Squires*, 37 *Vermont*, 640; *Hill et al. vs. McDonald*, 17 *Wisconsin*, 97; *Boswell vs. O'Keefe*, 32 *Barbour*, 434; *Swigart vs. McGee*, 19 *Ark.* 473; *Sprague vs. Blake*, 20 *Wend.* 64; *McKnight vs. Dunlap*, 1 *Seld.* 537; *Gault et al. vs. Brown et al.*, 48 *N. H.* 183.

MEAD & THOMPSON, for respondents in support of the rulings of the court below respecting defendant's alleged counter-claim cited, *Parsons' Mercantile Law, pp.* 14 *and* 41; 2 *Parsons on Contracts, p.* 566; *Abed & Abed vs. Radcliff*, 13 *John.* 296 *and cases cited; Jackson vs. DeLong*, 9 *John.* 43; *Blaisdell vs. Lewis*, 32 *Maine*, 515; *Kent's Comm., Vol.* 2, 468 *and note; Watts vs. Friend*, 10 *Barn. & Cress.* 446; *Seymour vs. Davis*, 2 *Sandf. S. C. R.* 239; *Denning et al. vs. Kemp*, 4 *Sandf. S. C. R.* 147; *Dyke vs. Brewer*, 2 *Carr's Kir. C. L. R.* 828; *Miner vs. Bradley*, 22 *Pick.* 459; *Johnson vs. Johnson*, 3 *Bos. & Pul.* 162; *Rugg et al. vs. Minett et al.*, 11 *East.* 210; *Parsons' Mercantile Law, p.* 15; *Shelley et al. vs. Lash*, 14 *Minn.* 498; *Dike vs. Pool et al.*, 15 *Minn.* 315. Upon the point that the court below did not err in allowing the jury after they had made their verdict, sealed it, and separated to again retire on the following morning and find upon the special issues they cited, *Ninninger vs. Knox et al.*, 8 *Minn.* 140; *Bunn et al. vs. Hoyt et al.*, 3 *Johnson*, 255; *Root vs. Sherwood*, 6 *Johnson*, 68; *Hamilton vs. Barton*, 20 *Iowa*, 505; *Tifield vs. Adams*, 3 *Clarke, Iowa*, 487; *Hazer vs. Hazer*, 38 *Barb.* 92;

*Smith vs. Thompson,* 1 *Cowen,* 221; *Graham & Waterman's New Trials, Vol.* 2, *pp.* 549, 550; *Winslow vs. Draper,* 8 *Pick.* 170; *Douglas vs. Tousey,* 2 *Wend.* 352; *Dively vs. The City of Cedar Falls,* 27 *Iowa,* 227.

*By the Court.*—BERRY, J.—The answer in this case alleged that defendant being a merchant engaged in the sale of boot and shoe packs in St. Paul, plaintiffs in 1871, prior to December 4, in consideration of defendant's promise hereinafter mentioned, agreed " to furnish, sell and deliver " to defendant " all of the boot and shoe packs which the defendant should require of them in his business, aforesaid, for the ' season ' ensuing next after said agreement, which said ' season,' as all the parties hereto then and there well knew, began in 1871, prior to December, and ended about January 15th, 1872 ; that they agreed to furnish, sell and deliver such articles, from time to time throughout such ' season,' in such quantities and at such times as the said defendant should require and request," at certain named prices, which defendant on his part promised to pay ; that plaintiffs, pursuant to agreement, furnished and delivered to defendant a certain quantity of boot and shoe packs, but, although from time to time duly requested, wholly failed and refused to deliver other boot and shoe packs which he requested and duly required them to sell and deliver to the amount (at agreed prices) of eight thousand dollars ; that defendant was thereby damaged (as in the answer set forth,) in the sum of eight hundred dollars.

Defendant sets up this damage as a counter-claim, and the ruling of the court below in rejecting defendant's offer to prove the same is the first error assigned upon this appeal. But we are of opinion that the ruling was right according to the doctrine of *Bailey et al. vs. Austrian,* 19 *Minn.* 535. There is the same want of " absolute mutuality of engagement " in

this instance, as there was in that.   The agreement upon the breach of which defendant founds his counter-claim was not a binding and valid contract.   Its supposed breach, therefore, did not entitle defendant to damages.

As to the several errors which defendant alleges that the court committed in instructing and refusing to instruct the jury, the foregoing determination really disposes of them all in favor of respondents, as a little reflection will show.

The court instructed the jury to bring in a general verdict, and special findings upon two questions specifically submitted. The jury retired for consideration, having been directed by the court, with the consent of both parties, if they should agree after the adjournment, to seal up their verdict and bring it into court next morning.   The jury (having agreed and thereupon separated) accordingly brought in a general verdict under seal for the plaintiffs.   The clerk had entered in his minutes said general verdict reduced to form, and had read the same to the jury, but before the jury had been asked if it was their verdict, as required by *sec.* 216, *ch.* 66, *Gen. Stat.*, the counsel for the plaintiff called attention to the fact that the jury had not found upon the particular questions submitted as aforesaid, and requested the court to direct them to retire and find upon the same.   The court so directed, defendant excepting.   Thereupon the jury retired and returned their general verdict, as before, together with special findings in answer to the questions aforesaid.   Said verdict and findings were received and recorded, defendant objecting. Defendant contends that the court erred in thus " allowing the jury after they had made up their verdict, sealed it and separated, to retire upon the following morning to find upon the special issues."   Until the jury had been asked whether the verdict recorded was their verdict, and had not disagreed thereto, the verdict was not " complete."   *Gen. Stat., ch.* 66

Tarbox et al. v. Gotzian.

*sec.* 216.· The jury was not, therefore, *functus officio*, and it was *competent* for the court, that is to say, in the power of the court, to direct them to retire to complete their verdict. *Nininger vs. Knox*, 8 *Minn.* 149. Our statute expressly pro· vides that if a verdict is " informal or insufficient, the jury may be again sent out." *Gen. Stat.*, *ch.* 66, *sec.* 215. It would not follow, however, that in all cases of an " insufficient " verdict it would be a proper exercise of power for the court to send out a jury a second time to consider further of their verdict, or that the action of a court in so doing would in all cases be sustained. All such cases call for the exercise of sound judicial discretion. And upon a motion for a new trial in a civil action, upon the ground that a jury has been sent out a second time to consider further of their verdict after having separated as in this instance, the question for the court is whether injury has in fact ensued, or whether the circumstances are such that it is likely to have ensued from the fact that the jury were permitted to consider further of, and bring in a verdict after such separation. This is clearly the doctrine of our statutes which provide for the granting of new trials on account of irregularity in the proceedings of the court or jury, or misconduct of the jury, when such irregularity or misconduct *materially affects the substantial rights* of the party seeking the new trial. *Gen. Stat.*, *ch.* 66, *sec.* 235.

Such also is the prevailing and better view, upon authority, independent of statute. 1 *Graham and Waterman's New Trials*, 85–92 ; *Pulaski vs. Ward*, 1 *Rich.* (*So. Car.*) 119 ; *Barrett vs. Phillips*, 1 *Gallison*, 360, *per Story, Justice ; 3 Graham and Waterman's New Trials*, 1398 *et seq.*

In the case at hand, while the jury should properly have found upon the questions specifically submitted before separating, we see no reason for apprehending that the court below erred in the exercise of a sound discretion in sending them

out a second time to find answers to such questions, or in refusing to grant a new trial on account of the facts appearing in this behalf. It is to be remembered that to set aside the action of a jury and order a new trial involves considerable expense and delay to suitors, and unless the court is satisfied, or has good ground for apprehending that an alleged irregularity or impropriety in the conduct of the jury, has occasioned some substantial injury, this expense and delay ought not to be imposed.

We have treated the special findings in this case as in the nature of special verdicts. This would seem to be proper in itself, and in the contemplation of the statute, *Gen. Stat., ch. 66, section* 218.

On the whole, then, we perceive no error in the action of the court below, and the judgment appealed from is, therefore, affirmed.