ERIC L. HEDSTROM ET AL.

v.

DIGORY W. BAKER ET AL.

1. PRACTICE—RECOUPMENT.—Where a defendant seeks to recoup damages for a breach of an undertaking on the part of the plaintiff, arising out of the same transaction or subject-matter as that of the plaintiff's cause of action, he will be subject to the burden of showing by his evidence all of the requisite elements of a cause of action, in the same manner as if he himself had brought suit upon, and for, a breach of such undertaking.

2. INSTRUCTIONS.—The instruction given by the court in this case, purporting to direct the jury as to all the elements necessary to a recovery of damages by way of recoupment, is erroneous, as it contains no allusion to the matter of a consideration for the promise on the part of appellants, or to that of mutual promises, or to the matter of when or how appellees were to pay the price, or any readiness on their part to receive or pay for the coal or perform any concurrent act.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed June 27, 1883.

This was an action brought by Hedstrom & Co., wholesale

Hedstrom v. Baker.

dealers in coal, against the firm of Baker Bros., like dealers, to recover upon an account for coal sold and delivered by the former to the latter, the balance being $4,027.37. On the trial the defendants sought to recoup from that amount their damages alleged to have been sustained in consequence of the breach by the plaintiff of alleged special contracts, under which it is claimed, all of said coal mentioned in plaintiffs' account had been delivered.

One of these alleged contracts, claimed to have been made in the spring of 1880, was in substance, that plaintiffs would furnish to defendants by rail and from their yard, all the coal of a certain description which they, the defendants, might need in their business, during the season of 1880, at such times and quantities as the defendants should order, and to be at a price 25 cents per ton less than the circular prices.

The other contract attempted to be established by the defendants was that plaintiffs, in the early part of the summer of 1880, contracted to sell and furnish defendants at Chicago, by vessels from Buffalo during said season, fourteen thousand tons of coal of certain description at a price 30 cents per ton less than circular prices. Which contracts respectively, defendants claimed that plaintiffs failed to perform, and gave evidence tending to prove their damages. As respected the making of these contracts, which were oral, if made, the evidence was conflicting.

The court, of its own motion, gave to the jury the following instructions:

"The plaintiffs seek to recover in this case the value of coal claimed to have been sold and delivered to the defendants, as shown by the account attached to the declaration in this case, a part of which is denominated rail coal and a part cargo coal. It is not disputed by the defendants, that the quantity of coal stated in said account was received by them, or that the prices stated therein are correct, nor is the quality of coal called in question by the defendants; except in one instance, to wit, the cargo of the schooner Bailey. Directing your attention, then, to the rail coal, the plaintiffs are entitled, therefore, to recover for this coal, the amount shown by said account to be

due; therefore, unless you find from the evidence that the plaintiffs entered into a contract with the defendants, to furnish said defendants with all of this kind of coal needed by them in their business during the season of 1880, at such times and in such quantities as needed by the defendants, and by them ordered of the plaintiffs, at a price 25 cents per ton less than circular rates, and that the plaintiffs have been guilty of a breach of said contract, and the burden of proving this contract, and the breach thereof, if such there was, is on the defendant. If, therefore, you find, from a preponderance of the evidence, that there was such contract and breach, then the defendants will be entitled, by recoupment, to deduct from the amount shown by said account to be due the plaintiffs as aforesaid for said rail coal, the damages, if any, the evidence shows that the defendants have sustained by reason of such breach, and the damage, if any, is the difference between the price that the defendants were to pay plaintiffs for the coal and the fair market value of said coal at the city of Chicago, at the time of the breach of the contract, if such there was ; provided, said market price was greater than the price defendants were to pay plaintiffs for the same.

As to the cargo coal, the plaintiffs claim that this kind of coal was delivered to the defendants at the time and in the quantities as shown by the account attached to the declaration in this case, under a contract or agreement to sell the defendants 10,000 tons of coal, during the season of navigation of 1880, at a price of 30 cents per ton less than circular rates, free on board the boat in Buffalo, the defendants to pay freight and all other charges on said coal, until the same should be delivered on the dock in Chicago; that there was a balance of nearly 400 tons not delivered to the defendants, to fill said contract, for the reason that the defendants failed to pay for all the coal previously delivered to them.

The burden of showing this contract and these circumstances is upon the plaintiffs; if, therefore, you believe from a preponderance of the evidence, that the contract was, and the facts and circumstances were as above stated, then the plaintiffs are entitled to recover the amount shown to be their due

Hedstrom v. Baker.

from the defendants for cargo coal, by said account attached to the declaration so aforesaid, less the damages, if any, that the defendants have sustained by reason of the coal of the schooner Bailey not being good, merchantable coal, if you find from the preponderance of the evidence, that the same was not good merchantable coal.

As to the cargo coal the defendants claim that the contract was for 14,000 tons of coal to be delivered at Chicago, at the same price and on the same terms as claimed by plaintiffs, and that plaintiffs have been guilty of a breach of said contract, and breach thereof if such there was, is upon the defendants.

If, therefore, you believe from the preponderance of the evidence that the plaintiffs contracted to sell defendants 14,000 tons of coal at the price aforesaid, to be delivered in Chicago, and that without fault on the part of the defendants, plaintiffs failed or refused to deliver all of said coal, and have been guilty of a breach of said contract, and the defendants have been damaged thereby, then the defendants, by recoupment, have a right to deduct such damages, if any, sustained by the coal of the schooner Bailey not being of merchantable quality, if such is a fact, from the amount shown to be due the plaintiffs in said account, for cargo coal, and the measure of damages will be the difference between the contract price of the amount of coal not delivered by plaintiff according to said contract, if such there was, and the fair market value of the same kind and quality of coal in the city of Chicago, as shown by the evidence, at the time of the breach of the contract, if such there was. In other words, take the contract price of the coal free from on board at Buffalo, and add to the same the freight and all other necessary charges and expenses, in order to place the coal on the dock in Chicago; then deduct this gross sum from the fair market value of coal at Chicago, as shown by the evidence at the time of the breach of the contract, if such there was, and the balance will be the measure of damages sustained by the defendants."

Judgment having passed for the defendants, and against

the plaintiffs, they bring the case to this court assigning error upon the instructions to the jury

Mr. FREDERICK ULLMANN, for appellants; that there must be mutual promises to make a valid contract, cited Bailey v. Austrian, 19 Minn. 535.

As to instructions: City of Freeport v. Isbell, 83 Ill. 440; McLean Co. Bank v. Mitchell, 88 Ill. 52; Volk v. Roche, 70 Ill. 297; Cushman v. Cogswell, 86 Ill. 62; Wabash R. R. Co. v. Henks, 91 Ill. 406; Adams v. Smith, 58 Ill. 418.

Unliquidated damages can be recouped only when growing out of the same subject-matter as the plaintiff's claim: Edwards v. Todd, 1 Scam. 462; Nichols v. Ruckells, 3 Scam. 300; Kaskaskia v. Shannon, 1 Gilm. 15; Hawke v. Sands, 3 Gilm. 227; Sanger v. Fincher, 27 Ill. 346.

For cases where the verdict has been set aside because the jury disregarded the instructions: Gainsford v. Blatchford, 6 Price, 36; Freeman v. Price, 1 Y. & J. 402; Jewett v. Smart, 11 Ia. 505; I. C. R. R. Co. v. Swearingen, 47 Ill. 206.

It is error for the jury to willfully and capriciously disregard the testimony of unimpeached witnesses: Robertson v. Dodge, 28 Ill. 161; Carney v. Tulley, 74 Ill. 377; St. P. F. & M. Ins. Co. v. Johnson, 77 Ill. 598; C. B. & Q. R. R. Co. v. Stumps, 69 Ill. 409; R. R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398.

Mr. G. M. HARDY and Mr. A. S. TRUDE, for appellees; that it is not necessary that the opposing claims should be of the same character in order to an adjustment in one action by recoupment, but if the counter claims arise out of the same subject-matter and are susceptible of adjustment in one action, it is enough, cited Batterman v. Pierce, 3 Hill, 171; Waterman on Set-off, 484, 490; Streeter v. Streeter, 43 Ill. 155; Chicago Legal News Co. v. Browne, 5 Bradwell, 250.

McALLISTER, J. We regard the proposition as incontestable, that where a defendant seeks to recoup damages for a breach of an undertaking on the part of the plaintiff, arising

out of the same transaction or subject-matter, as that of the plaintiff's cause of action, he will be subject to the burden of showing by his evidence, all of the requisite elements of a cause of action in the same manner, as if he himself had brought suit upon, and for a breach of such undertaking. And it is equally clear, that to maintain an action for a breach of either of the alleged special contracts, if one had been brought by Baker Bros. against Hedstrom & Co., the former would have been required to aver in their declaration, and prove by their evidence, a consideration for the undertaking of the latter, by averring and proving mutual promises concurrent and obligatory upon both parties, at the same time. Livingston v. Rogers, 1 Caines' R. 583; Utica & Schenectady R. R. Co. v. Brinkerhoff, 21 Wend. 137, and cases there cited.

And in order that the court might be able to determine whether the stipulations of the respective parties were mutual and dependent or independent, it would be necessary for the Bakers to show by their averments and proofs at what rate and when and how they were to pay the price of the coal; so that if it turned out that they were to pay any portion of it, or do any other act in respect thereto, at the time of the delivery, then it would be necessary for them to aver and prove by a preponderance of evidence such concurrent act, or readiness and willingness to perform.   Porter v. Rose, 12 John. 209; Topping v. Root, 5 Cow. 404; Tinney v. Ashley, 15 Pick. 546; Pomeroy v. Gold, 2 Metcalf, 500; Savery v. Goh, 3 Wash. C. C. 140.

When we examine the instructions given to the jury, by the court below, and purporting to direct them as to all the elements necessary to a recovery of damages by way of recoupment, we find no allusion to the matter of a consideration for the promise, on the part of Hedstrom & Co., or to that of mutual promises, or to the matter of, when or how the Bakers were to pay the price, or any readiness on their part to receive or pay for the coal or perform any concurrent act. Every matter of fact, submitted by the instructions to the jury, might have been found in favor of the Bakers, and yet, notwithstanding such finding, the alleged promises on the part of Hed-

strom & Co., not have amounted to anything more than *nuda pacta*, from which no legal obligation could arise.

This is especially so as to the matter relating to the rail coal. Bailey v. Austrian, 19 Minn. 535. The judgment below should be reversed, and a new trial awarded.

Reversed and remanded.