## MARIAN H. COOPER AND JAMES McLAUGHLIN v. THE LANSING WHEEL COMPANY.

*Contract—Mutuality—Offer to sell—Acceptance—Rescission.*

1. It is now generally held that if a proposition be made, to be accepted within a given time, it constitutes a continuing offer, which, however, may be retracted at any time. But if, at any time before it is retracted, it is accepted, such offer and acceptance constitute a valid contract.

2. Where carriage manufacturers make an order for whatever wheels they may want during a specified season, at prices stated in the order, which is accepted by the orderee, the order and acceptance, when supplemented by the filling of one or more orders for wheels, become a valid and binding contract for the entire season.

Error to Ingham. (Person, J.) Submitted on briefs October 13, 1892. Decided December 23, 1892.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Q. A. Smith,* for appellants, contended:

1. When the plaintiffs ordered specific bills of wheels according to the proposition, the contract was completed, and nothing was left to uncertainty; citing *Thayer v. Burchard*, 99 Mass. 508; *Keller v. Ybarru*, 3 Cal. 147; *Railway Co. v. Mitchell*, 38 Tex. 86; *Smith v. Morse*, 20 La. Ann. 220.

*Cahill & Ostrander*, for defendant, contended:

1. It is not averred in the declaration that the plaintiffs had, in consideration of the defendant's agreement to sell, agreed on its part to purchase a definite quantity of wheels, and without which agreement the contract would be void for want of mutuality; citing *Wilkinson v. Heavenrich*, 58 Mich. 574, 577, and cases cited; *Leather Co. v. Kurtz*, 34 Id. 90; *Bailey v. Austrian*, 19 Minn. 535; *Tarbox v. Gotzian*, 20 Id. 139; *Railroad Co. v. Brinckerhoff*, 21 Wend. 139; 1 Wait, Act. & Def. 102, and cases cited; 1 Pars. Cont. 448, and notes.

2. Upon the plaintiffs' theory, the declaration should show that the wheels ordered were actually needed in the plaintiffs' business, and should negative the idea that they were ordered for speculation or because of an advance in price merely. This it does not do. Nor does it appear that the plaintiffs in fact ordered from the defendant all the wheels used by them in their business during the year, which they were bound to do, as a performance of the contract on their part, which performance should be averred in the declaration to entitle plaintiffs to recover; citing *Smith v. Morse*, 20 La. Ann. 220.

MONTGOMERY, J. This is an appeal from a judgment sustaining a demurrer to plaintiffs' declaration.

The first count of the declaration alleges an agreement "whereby the said defendant did undertake, promise, and agree, to and with the plaintiffs, to furnish, sell, and deliver to said plaintiffs all such number or quantity of wheels, * * * at and for an agreed price, * * * as said plaintiffs should or might require or want, during the season of the year 1890, in their said business of manufacturing;" that during the season of 1890 plaintiffs agreed to order, and did order, of defendant, all of such wheels as they might or should want or require in their said business; that certain orders so given were filled, and that cer-

94 MICH,—18.

tain other orders given in November and December, 1890, defendant refused to fill.

The second count sets forth a written agreement, which is as follows:

"Owosso, MICH., Dec. 16, 1889.
"MESS. LANSING WHEEL CO.,
          "Lansing, Mich.

"*Gentlemen:* Please enter our order for what wheels we may want during the season of 1890, at following prices and terms: B, $6.00; C, $5.00; D, $4.00,—per set, f. o. b. Owosso, 30 days. All the wheels to be good stock, and smooth. Should we want a few D wheels to be extra nice stock, all selected white, they are to be furnished at same price, not to exceed 10 set in a 100.

          "Very respectfully yours,
                    "OWOSSO CART CO."

Upon receipt of this instrument, defendant indorsed thereon the following: "Accepted. Lansing Wheel Co." Then follow the allegations as to the giving and filling of certain orders, and the refusal to fill certain other orders which were given.

The defendant demurred to this declaration, the substantial ground of demurrer being that there was no mutuality of contract between the parties.

It was early held in England that a proposition to sell goods at a certain specified price, and to give the offeree a stated time in which to accept or reject the offer, did not make a binding contract which could not be withdrawn before acceptance. See *Cooke v. Oxley*, 3 Term R. 653. The doctrine of this case has not, however, remained unchallenged. Mr. Story, in his work on Sales, expresses the opinion that the rule is unjust and inequitable. Section 127. He contends that the grant of time to accept the offer is not made without consideration. He suggests as one sufficient legal consideration the expectation or hope of the offerer, and further suggests that the making of such

an offer might betray the other party into a loss of time and money, by inducing him to make examination, and to inquire into the value of the goods offered, and this inconvenience assumed by him is a sufficient consideration for the offer.

There is much force in this reasoning, but it has not prevailed to abate the doctrine of *Cooke v. Oxley*, further than this: That it is now generally held that if a proposition be made, to be accepted within a given time, it constitutes a continuing offer, which, however, may be retracted at any time. But if, at any time before it is retracted, it is accepted, such offer and acceptance constitute a valid contract. It was therefore within the power of defendant, in the present case, on the authority of the cases cited, to withdraw the offer made at any time before the plaintiffs had acted upon it.

Authorities may be found which go further than this. The case of *Bailey v. Austrian*, 19 Minn. 535, holds that a contract by which defendant agreed to supply plaintiffs with all the pig iron wanted by them in their business until December 31 next ensuing, at specified prices, and the plaintiffs simultaneously promised to purchase of defendant all of the iron which they might want in their said business during the time mentioned, at said prices, is not a mutual contract which can be enforced, on the ground that the plaintiffs did not engage to want any quantity whatever. The same court, in *Tarbox v. Gotzian*, 20 Minn. 139, reaffirm this doctrine.

In *Keller v. Ybarru*, 3 Cal. 147, plaintiff counted upon an agreement by the defendant, whereby he undertook to sell and deliver to the plaintiff so many of the grapes then growing in his vineyard as the plaintiff should wish to take, for which the plaintiff agreed to pay the defendant 10 cents per pound on delivery. The plaintiff averred that he subsequently notified the defendant that he wished to

take 1,900 pounds of grapes, and tendered the $190 in payment therefor, and requested the defendant to deliver such grapes to the plaintiff, but defendant refused to deliver the same, or any part thereof. The court held that this agreement, when first entered into, amounted to an offer upon the part of defendant, which the plaintiff had a right to accept or reject, and the defendant to retract at any time before acceptance; but that, when the plaintiff named the quantity of grapes which he desired to take under the offer of defendant, the contract was complete, and both parties were bound by it. Substantially the same doctrine was held in *Smith v. Morse,* 20 La. Ann. 220.

In *Railroad Co. v. Bartlett,* 3 Cush. 224, it was held that a proposition in writing to sell land at a certain price, if taken within 30 days, is a continuing offer, which may be retracted at any time; but if, not being retracted, it is accepted within the time, such offer and acceptance constitute a valid contract.

So it is generally held that in suits upon unilateral contracts, if the defendant has had the benefit of the consideration for which he bargained, he can be held bound. *Jones v. Robinson,* 17 Law J. Exch. 36; *Mills v. Blackall,* 11 Q. B. 358; *Morton v. Burn,* 7 Adol. & E. 19; *Kennaway v. Treleavan,* 5 Mees. & W. 498; *Richardson v. Hardwick,* 106 U. S. 255.

If it be held, as we think the correct doctrine is, that an offer to furnish such goods as the plaintiff may want within a stated time may, upon acceptance by the offeree before withdrawal, constitute a valid contract, it is difficult to see why, if the offeree orders any portion of the goods, and the offerer has the benefit of the sale, the entire contract may not become valid and binding. This certainly would constitute a sufficient consideration. If in the present case the defendant had, in consideration of the present sale and delivery to the plaintiffs of

one lot of wheels at a stated price, and for which the defendant received its pay, further agreed to furnish such further quantity of wheels as the plaintiffs might desire during the season, it would seem that a purchase of the one lot, as offered, would afford a sufficient consideration for defendant's undertaking. This view is adopted in England.

In Bishop on Contracts (section 78) it is said:

"Where it is admitted that there is nothing for A.'s promise to rest on but B.'s promise, if B. has not promised, A.'s promise rests on nothing, and is void. There may be cases in seeming contradiction to this; if there are any really so, they are not to be followed. In one case, parties agreed that one of them should supply the other during a designated period with certain stores, as the latter might order. He made an order, which was filled, then made another, which was declined; and, on suit brought, the defendant rested his case on the lack of mutuality in the contract, which, he contended, rendered it void. Plainly, it stood, in law, as a mere continuing offer by the defendant; but, when the plaintiff made an order, he thereby accepted the offer to the extent of the order, and it is was too late for the other to recede. So judgment went for the plaintiff."

See *Railway Co. v. Witham*, L. R. 9 C. P. 16. We think the doctrine of this case is sound, and that it should control the present case.

Judgment should be reversed, with costs, and defendant given leave to plead over.

The other Justices concurred.