LANFORD *v.* UNITED STATES WOODEN-WARE CO.[1]

CONTRACTS—UNCERTAINTY—RIGHT OF ABANDONMENT.

> Where defendant contracted in writing to buy staves of plaintiffs up to a certain amount at a stated price, and the parties entered on a performance of the contract, the fact that, by its terms, plaintiffs had the right to terminate it in case it should prove unprofitable did not render it so uncertain as to prevent them from recovering damages for its breach.

Error to Delta; Stone, J. Submitted June 5, 1901. Decided July 10, 1901.

*Assumpsit* by Isaac L. Lanford, Joseph S. Armstrong, and Ray F. Armstrong, copartners as the Masonville Hoop Company, against the United States Wooden-Ware Company, for the breach of a contract of purchase. From a judgment for plaintiffs, defendant brings error. Affirmed.

. *J. F. Carey*, for appellant.

*George Gallup*, for appellees.

MONTGOMERY, C. J. The plaintiffs recovered damages for a breach of contract under which plaintiffs agreed to manufacture staves for defendant at an agreed price, and defendant agreed to accept and pay for them. The evidence tended to show a refusal of defendant to perform its contract, and resulting damage to plaintiffs.

Apart from a question made as to whether the evidence justified a verdict in the amount rendered, which we find was for the jury, the only question is whether the contract was sufficiently specific to bind the parties. A contract sufficiently definite to bind the parties was signed by both parties to the agreement, but appended to this agreement was the following, signed on behalf of plaintiffs:

---

[1] Rehearing denied November 4, 1901.

"If it shall appear that the prices named herein will not leave us a fair margin, we wish to avail ourselves to offer you another proposition as to price.

"MASONVILLE HOOP CO.,
"I. L. LANFORD, Treas."

This appeared in the handwriting of defendant's president, and was assented to by him.  The contention of defendant's counsel is that this rendered the contract uncertain as to its terms, under the rule in *Davie* v. *Mining Co.*, 93 Mich. 491 (53 N. W. 625).

We agree with the circuit judge that that was not its effect.  If we assume that this addendum is to be given this force, namely, if operations under the contract as written proved unprofitable, plaintiffs had the right to propose new terms, and, if such terms were not accepted, to abandon the contract,—and this is clearly the utmost force which can be given to it,—then we have a case where the defendant has agreed to accept the plaintiffs' output up to a certain amount at a stated price, and the parties have entered upon the performance of the contract. The fact that the plaintiffs reserved the right to abandon the contract under certain conditions made it none the less binding on the defendant, if it chose to contract on those terms.  See *Cooper* v. *Wheel Co.*, 94 Mich. 272 (54 N. W. 39, 34 Am. St. Rep. 341).

The judgment is affirmed.

The other Justices concurred.