EDGAR *v.* HEWETT GRAIN & PROVISION CO.

1. CONTRACTS—SALES—CLAUSE EXCUSING PERFORMANCE—CONSIDER-
ATION—MUTUALITY—TEST TO BE APPLIED.

   Whether a contract for the sale of sugar containing a
   clause excusing performance because of certain extraneous
   causes is void because lacking consideration and mutuality,
   and is so uncertain that it cannot be enforced, is to be
   tested by considering whether said clause makes the
   party taking advantage of it the sole judge as to the suf-
   ficiency of the extraneous causes relied on to excuse per-
   formance.[1]

2. SAME — CLAUSE EXCUSING PERFORMANCE — VALIDITY — WHERE
PARTY MAY NOT ACT ARBITRARILY CONTRACT VALID.

   Where a contract for the sale of a large quantity of sugar
   contains a clause making it "subject to strikes, fire, trans-
   portation and business conditions and other extraneous
   causes which render performance commercially impracti-
   cable," but not giving the right to either party to ar-
   bitrarily be the judge of said conditions, which are open
   to the observance of either party, said contract is bind-
   ing and enforceable.[2]

Error to Delta; Flannigan (Richard C.), J.    Sub-
mitted October 6, 1924.    (Docket No. 6.)    Decided
April 3, 1925.

Assumpsit by Mary G. Edgar and another, co-
partners as W. H. Edgar & Son, against the Hewett
Grain & Provision Company of Escanaba for breach
of a contract of sale.    Judgment for defendant on
motion to dismiss.    Plaintiffs bring error.    Reversed.

*Stevenson, Carpenter, Butzel & Backus, Thomas J.
Riley,* and *H. E. Spaulding,* for appellants.

*Ryall & Frost,* for appellee.

[1]Contracts, 13 C. J. § 188 (1926 Anno); [2]Id., 13 C. J. § 187.

McDONALD, C. J.   This suit is brought to recover damages for breach of the following contract:

"Contract No. S-12.                    Date—June 9, 1920.
"Sold by W. H. Edgar & Son of Detroit, Michigan.
"To Hewett Grain & Prov. Co. of Escanaba, Mich.
"2,400 bags cane granulated at $25.50 per hundred pounds, net cash, f. o. b. cars, New Orleans.
"Shipment:   1,200 bags promptly; 1,200 bags August.
"Terms of Payment: Sight draft attached to bill of lading payable on presentation.
"Delivery complete on receipt of goods by carrier. Option of routing is reserved by seller.
"All contracts subject to strikes, fire, transportation and business conditions and other extraneous causes which render performances commercially impracticable.
"Terms, conditions or verbal agreements, other than those printed above are unauthorized and will not be taken into consideration in the fulfilling of this contract."

The declaration alleges that the sugar was shipped as per contract; that some of the shipments were refused by the defendant; and that it became necessary for the plaintiffs to resell, which they did at a loss of $25,217.65.   The purpose of the suit is to recover this loss.

The defendant in connection with its plea of the general issue gave notice of several special defenses, two of which are as follows:

"*Second:* That said alleged contract is null and void and of no effect for the reason that the same is uncertain, indefinite and not mutually binding on the parties thereto.   *   *   *

"*Fifth.* That said alleged contract by its terms was subject to 'business conditions and other extraneous causes which render performances commercially impracticable,' and that if said alleged contract be binding upon the parties hereto said provisions thereof relieve and discharge said defendant of and from liability thereunder for the reason that said alleged

breach of said alleged contract by the defendant was due to 'business conditions and other extraneous causes' which rendered performance commercially impracticable."

Subsequently, defendant filed the following motion to dismiss:

"And now comes the above-named defendant and moves the court to dismiss the above entitled cause because the declaration therein does not state a cause of action on the part of the plaintiffs against the said defendant for the following reasons:

"1st. The alleged contract made a part of plaintiffs' declaration and marked Exhibit 'A' is not a valid, binding or legal contract and that the cause of action set forth in plaintiffs' declaration cannot be based thereon for the reason that said alleged contract is uncertain, indefinite and is lacking in mutuality, in that, it provides that said contract and the performance thereof by the plaintiffs is 'subject to strikes, fires, transportation and business conditions, and other extraneous causes which render performance commercially impracticable.'"

This motion was granted and judgment was entered for the defendant.     The plaintiffs bring error.

The only question presented by the record is whether the declaration states a cause of action.     It involves a consideration of the following provision of the contract:

"All contracts subject to strikes, fire, transportation and business conditions and other extraneous causes which render performance commercially impracticable."

It is the claim of the defendant that because of this clause in the contract neither party is bound; that it is left to the will of either to refuse to perform if he finds it is inconvenient for him to do so; that the contract is without consideration, is lacking in mutuality and is so uncertain that it cannot be enforced.

The correctness of defendant's contention is to be tested by considering whether this excusing clause in the contract makes the party who takes advantage of it the sole judge as to the sufficiency of the extraneous causes relied on to excuse performance or whether the question of the sufficiency of the causes is for a court or jury to determine.    In the one case there is no obligation on the party to perform.    Whether he shall perform is left entirely to his will.    Whether his reasons are reasonable or not does not matter.    His will alone controls.    The other party has no voice in the matter and is without power to prevent his action. Such a contract cannot be sustained.    It is without consideration, is lacking in mutuality and cannot be enforced by either party.    If, however, both parties have a voice in determining the sufficiency of the causes for refusal to perform, if the right to refuse performance rests on some other reason than the will of the party, if the causes specified are not confined in the mind of the one party, but are open to the observation of the other so that a court or jury may determine them, the contract is not lacking in mutuality but is binding and enforceable.    We think the contract in question belongs in this class.    The plaintiffs were bound to ship the sugar unless certain extraneous causes, such as strikes, fire, transportation and business conditions made it commercially impracticable for them to do so.    These causes and conditions it will be noted were "extraneous," outside of the control of the plaintiffs.    They were as observable and as capable of determination by one party as by the other.    Neither was made the sole judge of the sufficiency of the causes.    Either had the right to prevent the other from acting arbitrarily.    They were mutually obligated to act reasonably.    Performance did not rest solely on the will of either, but the power to make the contract effective was vested in both. It is therefore not lacking in mutuality.

Thus far we have been discussing .this feature of the case on the assumption that the language of the excusing clause was sufficiently certain and intelligible as to form a basis for the parties to. determine what would constitute cause for a refusal to perform.   Our attention has not been called to any court decision or text book wherein the words "commercially impracticable" have been defined.   It is not necessary at this time that we should abstractly define them. The term may have a trade meaning.   We do not know.   We think, however, that if there is any difference of opinion as to the significance of the language in which the parties have expressed themselves, it may be "reduced to lawful certainty by judicial effort," or by the testimony of men familiar with the trade.   In our view of the case the declaration states a valid and binding contract.   The court erred in granting the motion to dismiss.

In support of their views of the contract in question, counsel for the plaintiffs have cited the following cases:   *Michigan Stone & Supply Co.* v. *Harris,* 27 C. C. A. 6 (81 Fed. 928) ; *Lanford* v. *Wooden-ware Co.,* 127 Mich. 614; 13 C. J. p. 337.   Counsel for the defendant have cited *Davie* v. *Mining Co.,* 93 Mich. 496; *Wilkinson* v. *Heavenrich,* 58 Mich. 574; *Cummer* v. *Butts,* 40 Mich. 322; 3 Am. & Eng. Enc. Law (1st Ed.), p. 844; *Cold Blast Transportation Co.* v. *Kansas City Bolt & Nut Co.,* 52 C. C. A. 25 (114 Fed. 77).

The judgment of the circuit court is reversed, with costs to the plaintiffs, and a new trial ordered.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.