SMITH v NEILAN

1. SPECIFIC PERFORMANCE—APPEAL AND ERROR—DE NOVO REVIEW.

An action for specific performance is equitable in nature and subject to *de novo* review, but the Court of Appeals gives great weight to the trial judge's findings, which will not be disturbed upon appeal unless the appellate court is convinced that it would have reached a different result had it been in the lower court's position.

2. CONTRACTS—OFFER—ACCEPTANCE—MEETING OF MINDS.

The trial court's finding that there was no meeting of the minds of the parties in a contract to sell real property was proper where there was evidence that the plaintiffs signed an offer to purchase which provided for a land contract and installment payments on the balance due, and that defendants were not satisfied with the terms of the offer and did not sign it until it had been changed to provide for a lump sum payment of the balance due upon delivery of a warranty deed.

Appeal from Mason, Charles A. Wickens, J. Submitted Division 3 December 7, 1972, at Grand Rapids. (Docket No. 13221.) Decided January 17, 1973.

Complaint by Victor T. Smith and Dorothy M. Smith against Thomas Neilan and Ruanna Neilan for specific performance of a contract to sell real estate. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (by *Lawrence Warren),* for plaintiffs.

*John W. Claire,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 772, 774.
[2] 17 Am Jur 2d, Contracts §§ 20, 28.

Before: T. M. Burns, P. J., and Holbrook and Van Valkenburg,* JJ.

T. M. Burns, P. J. This action stems from the Mason County Circuit Court's refusal to grant the plaintiffs' request for specific performance of a purported agreement to purchase real estate owned by the defendants.

At trial plaintiff Victor Smith testified that on August 9, 1968, he signed an offer to purchase realty owned by the defendants. He explained that although the defendants had not signed the offer at the time, it did contain the following terms: (1) $200 as a down payment, (2) $2,300 payable on execution of a land contract and (3) a balance of $3,000 to be paid at the rate of $60 per month. Plaintiff also admitted that before signing the offer, he changed the monthly payment figure from $60 to $50 per month. Upon cross-examination, plaintiff stated that even though the words "warranty deed" and "land contract" had been lined out and replaced by the phrase "balance $3,000 on delivery of warranty deed" when he had received the offer to purchase signed by the defendants, he ignored this latter phrase and intended to pay a total of $2,500 down and $50 a month until the balance of $3,000 was paid.

The defendants, Thomas Neilan and his wife, Ruanna, took the stand and testified to the effect that they were asked to sign the purchase offer on August 15, 1968. They stated that they were not satisfied with the terms of the offer and did not sign it until the words "warranty deed" and "land contract" were crossed out and replaced with the phrase "balance $3,000 on delivery of the war-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ranty deed". The defendants explained that it was their understanding that the plaintiffs would pay $2,500 down and tender $3,000 upon delivery of the warranty deed to the property.

Finally, the real estate salesman who was the go-between in this case related that the original terms of the offer called for a total of $2,500 down and payments of $50 per month on a land contract balance of $3,000. The salesman also related that he crossed out the words "land contract" and added "balance $3,000 on delivery of the warranty deed". He further testified that he had changed the wording after the defendants signed the offer. He could not recall, however, whether the alteration was made before or after he gave the plaintiffs a copy of the offer.

After reviewing the testimony and evidence presented, the circuit court concluded:

"The facts in this case show that offers and counter offers were made and at no time did the parties have a meeting of the minds which was reduced to writing which is enforceable.

"The final agreement which the plaintiff claims he had in this case was a down payment with land contract financing. But defendant claims the final agreement was an earnest money payment and a balance in cash on delivery of a warranty deed. These two situations are incompatible and show no meeting of the minds. Exhibit A [copy of the purchase offer] specifically provides that a balance of $3,000 shall be paid on delivery of a warranty deed, and the provision for a land contract was stricken from the agreement. At no time has the plaintiff tendered to the defendant cash in accord with Exhibit A, but has insisted that he had a right to a contract purchase to which the court cannot agree, under the law of this state."

On appeal plaintiffs argue that the circuit

court's determination was erroneous and that they are entitled to a decree of specific performance.

At the outset, we must note that while an action brought for specific performance is equitable in nature and subject to *de novo* review, this Court nonetheless gives great weight to the findings made by the trial court and will not disturb those findings unless convinced that it would have reached a different result had it been in the lower court's position. *Stribley v Michigan Marine Inc,* 42 Mich App 218 (1972); *Gamble v Hannigan,* 38 Mich App 500 (1972); *Rose v Fuller,* 21 Mich App 172 (1970).

It is hornbook law that in order to form a valid contract, there must be a meeting of the minds on all of the material facts. See for example *Fisk v Fisk,* 328 Mich 570 (1950); *Dodge v Blood,* 307 Mich 169 (1943).

Here it is clear that the terms of the offer in question were indeed ambiguous. In the same paragraph of the offer there is language calling for the payment of $3,000 from the plaintiff upon delivery of the warranty deed by the defendant, and also language indicating that the $3,000 balance was to be paid in installments of $50 per month.

The testimony introduced at trial, far from dispelling any inconsistency, served to reinforce and highlight its presence. The plaintiffs claimed that the offer provided for the installment payments while the defendants steadfastly maintained that the $3,000 balance was due upon delivery of the deed. The facts of the case support both parties' positions. Moreover, the testimony of the real estate salesman is inconclusive. He admitted changing the terms of the offer, but could not remember whether it was before or after he gave a

copy of the offer to the plaintiffs. Plaintiffs' testimony, however, revealed that the offer was changed to its present form before they received it back from the defendants. Thus the trial court's determination that there was no meeting of the minds was proper and justified.

In view of the foregoing, we cannot say that we would have reached a different result had we been in the circuit court's position.

Our disposition of the first issue makes it unnecessary to consider the other question raised by the plaintiffs concerning a circuit court's jurisdiction to award money damages in addition to specific performance.

Accordingly, the order of the Mason County Circuit Court denying plaintiffs specific performance is affirmed.

All concurred.