STARK v KENT PRODUCTS, INC.

1. Evidence—Parol Evidence—Contracts.

Parol evidence is admissible to explain trade terms in an agreement where, although the terms have plain and recognized meanings, it is clear that the parol evidence is required to shed light on the agreement.

2. Contracts—Ambiguity—Construction.

Any imperfection or ambiguity in a contract must be construed most strongly against the drafter of the contract.

3. Contracts—Ambiguity—Construction.

A contract is to be construed according to its plain sense and meaning where the language of the contract is clear and unambiguous.

4. Contracts—Language—Disagreement of Parties.

The language in a contract, when the parties disagree as to its significance, may be reduced to lawful certainty by judicial effort or by the testimony of men familiar with the trade.

5. Contracts—Meeting of Minds—Objective Standard.

There must be a meeting of the minds on all of the material facts in order to form a valid contract; a meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts.

6. Contracts—Signatories—Familiarity with Terms.

A person who signs a contract may not, when enforcement is sought, be heard to say that he did not read it or he supposed it was different in its terms.

Appeal from Oakland, Frederick C. Ziem, J. Submitted April 9, 1975, at Lansing. (Docket No.

References for Points in Headnotes

[1] 17 Am Jur 2d, Contracts § 77.
[2, 3, 6] 17 Am Jur 2d, Contracts § 274.
[4] 17 Am Jur 2d, Contracts § 281.
[5] 17 Am Jur 2d, Contracts § 373.

20020.) Decided July 21, 1975. Leave to appeal denied, 395 Mich 779.

Complaint by George W. Stark against Kent Products, Inc., and White Cloud Products, Inc., for damages for breach of an employment agreement. Judgment for plaintiff. Defendants appeal. Affirmed.

*Stephen K. Valentine, Jr., P. C.,* for plaintiff.

*Kelly, Kelly & Kelly,* for defendants.

Before: V. J. BRENNAN, P. J., and D. E. HOL-BROOK and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendants, automotive part suppliers, appeal a jury verdict in favor of the plaintiff, a manufacturer's representative. The plaintiff was retained by the defendants, under an exclusive agency arrangement, and was their sales representative to the Chevrolet Division of General Motors Corporation.

Defendants first claim error in the trial court's allowing plaintiff and his witnesses to present testimony as to the definition of the terms "order" and "purchase order". We do not believe the lower court erred in allowing parol evidence to explain the trade terms which were included in the agreement between the parties herein involved. While "order" and "purchase order" have plain and recognized meanings, in the context of the instant agreement, and in view of the specialized industry involved, it is clear that the testimony was required to shed light on the agreement. 6 Michigan Law & Practice, Contracts, § 137, p 400.

We also note that any imperfection or ambiguity in a contract must be construed most strongly

against the drafter. *Murphy Real Estate Corp v Barron,* 55 Mich App 210; 222 NW2d 184 (1974). Defendants drafted the employment agreement herein involved and any ambiguity must be construed against them. Generally, if the language of a contract is clear and unambiguous, it is to be construed according to its plain sense and meaning. If, on the other hand, the contract language is ambiguous, testimony should be allowed to explain such ambiguity. *Goodwin, Inc v Coe Pontiac, Inc,* 392 Mich 195; 220 NW2d 664 (1974). If there is any difference of opinion as to the significance of the language in which the parties have expressed themselves, it may be reduced to lawful certainty by judicial effort or by the testimony of men familiar with the trade. *Edgar v Hewett Grain & Provision Co,* 230 Mich 168; 202 NW 972 (1925).

Defendants claim further that plaintiff failed to establish the contractually requisite meeting of the minds as to the provisions of the agreement and argue that since defendants' general manager placed a different meaning on the terms now in dispute, there could not be established the necessary meeting of the minds. It is fundamental that in order to form a valid contract, there must be a meeting of the minds on all of the material facts. *Smith v Neilan,* 44 Mich App 394; 205 NW2d 186 (1973). Meeting of the minds is similar to mutual assent. It must be judged by an objective standard, looking to the express words of the parties and their visible acts. *Goldman v Century Insurance Co,* 354 Mich 528; 93 NW2d 240 (1958). We find no merit in this assignment of error. One who signs a contract will not be heard to say, when enforcement is sought, that he did not read it, or that he supposed it was different in its terms. *International Transportation Ass'n v Bylenga,* 254 Mich 236; 236 NW 771 (1931).

Finally, defendants aver that the court erred in refusing to allow them to file an amendment to their answer and set forth a claim for set-off. We do not agree as the agreement specifically provided that plaintiff would receive compensation on all net sales to Chevrolet, which were on the books before he commenced employment, as well as those which he solicited or obtained during the life of the agreement. We perceive no basis for the existence of a proper legal or equitable right to set-off.

Affirmed. Costs to plaintiff.